# Lena O'Brien, Appellant, v. Luther Crawford, Appellee.

## Gen. No. 6,416.    (Not to be reported in full.)

Appeal from the Circuit Court of Woodford county; the Hon. George W. Patton, Judge, presiding. Heard in this court at the April term, 1917. Reversed and remanded with directions. Opinion filed August 7, 1917. Rehearing denied October 3, 1917.

## Statement of the Case.

Action by Lena O'Brien, plaintiff, against Luther Crawford, defendant, to recover damages for personal injuries due to defendant's alleged negligence in driving his automobile. From a judgment for defendant in bar on demurrer to the third and fourth amended counts of the declaration, plaintiff appeals.

E. F. Riely and Barnes, Magoon & Black, for appellant.

Thomas Kennedy, for appellee.

Mr. Justice Niehaus delivered the opinion of the court.

## Abstract of the Decision.

1. Automobiles and garages, § 3*—*when declaration in action against automobile owner for personal injuries is sufficient.* A count in a declaration alleging that defendant so carelessly and negligently ran and operated his automobile upon a certain public

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

highway, contrary to and in violation of his duty in that behalf, at· a certain time, and that by means thereof, while plaintiff in the exercise of due care was riding along the highway in a buggy drawn by a horse driven by her husband, the defendant then and there drove and ran his automobile into the horse then and there causing it to become frightened and run away, by means whereof plaintiff was violently thrown from the buggy and injured, etc., *held* good on demurrer.

2. AUTOMOBILES AND GARAGES, § 3*—*when declaration in action for personal injuries against owner of automobile colliding with buggy is sufficient.* A count in a declaration alleging that defendant at a certain time was running and operating his automobile along two certain public highways in a city, and that it was then and there his duty to use due and reasonable care in driving same and to so operate it as to comply with·the general usage and customs in vogue in the city of keeping and driving it to the right of the center of the highway and to pass all conveyances he should meet by turning to the right and by leaving space enough between his machine and the left side of any streets on which he was then driving to permit other vehicles meeting him to turn to the right in passing his automobile, and to so operate it as to use reasonable care to prevent it from coming into contact with or running into any other conveyance on the highway, yet the defendant not regarding his duty in that behalf so negligently, carelessly and improperly operated his automobile upon said highways and in going around said corner that there was not room for any vehicle meeting·his automobile to pass by turning to the right between it and the northeast corner of the intersection of said two highways, and carelessly, negligently and improperly drove his automobile into the horse and buggy in which plaintiff was then and there riding, etc., ·and so near to the northeast corner of the highways as to crowd the horse and buggy off from the northeast part of one highway onto the northeast corner of the intersection, etc., and into the horse, whereby it became frightened and ran away, upsetting the buggy and throwing plaintiff out, injuring her, etc., while she was in the exercise of due care, etc., *held* good on demurrer.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.